United States Courts
Southern District of Texas
FILED

JUN 3 0 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | H-05 2231 |
| SPRING AUTOMOTIVE PARTNERS I, LTD., d/b/a MUNDAY MAZDA, | § § § § | |
| AUSTIN CHEVROLET, INC., d/b/a MUNDAY CHEVROLET, | § § § | |
| Defendants. | § § § § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of sex and to provide appropriate relief to Rachael Kennedy ("Kennedy"), who was adversely affected by Defendants' unlawful practices. While employed by Spring Automotive Partners I, LTD, d/b/a Munday Mazda and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, members of management and co-workers subjected Kennedy to unwelcome sexual propositions, comments, touching of a sexual nature, lewd conduct and disparate terms, conditions and privileges of employment because of her sex, female.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

3.　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.　Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the government agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000(e)-5(f)(1) and (3).

5.　Defendant Spring Automotive Partners I, LTD, d/b/a Munday Mazda ("Munday Mazda"), is a Texas Limited Partnership which operates an automobile dealership in Houston, Texas. It may be served with process by serving its registered agent, William T. Green, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046. At all relevant times, Munday Mazda has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least fifteen employees.

6.　Defendant Austin Chevrolet, Inc., d/b/a Munday Chevrolet ("Munday Chevrolet"), is a Texas Corporation which operates an automobile dealership in Houston, Texas. It may be served with process by serving its registered agent, William T. Green, 11 Greenway Plaza, Suite 2820, Houston, Texas 77046. At all relevant times, Munday Chevrolet has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least fifteen employees.

7. Defendant Munday Mazda and Defendant Munday Chevrolet shall be collectively known as "Defendants." At all relevant times, Defendants maintained interrelated operations, centralized control of labor relations, common management, and common ownership and financial control to the extent that they form an integrated enterprise for purposes of this action.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONCILIATION

9. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conference, conciliation, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Kennedy filed with the Commission a charge alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

11. Since at least 2004, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) at its various locations in Houston, Texas.

12. Defendants hired Kennedy as Munday Mazda's receptionist on or about February 16, 2004.

13. During the duration of her employment, various salesmen and managers of Defendants subjected Kennedy to unwelcome sexual propositions and requests, prurient ogling,

touching of a sexual nature and disparate terms, conditions and privileges of employment because of her sex, female.

14. Defendants' General Sales Manager, Tim Brackenbury, *inter alia*, on more than two occasions ogled Kennedy and asked her to take her clothes off. Additionally, he told Kennedy at least once that he requires someone attractive to serve in her position.

15. Defendants' salesman, Fredrick Thomas, *inter alia*, repeatedly requested Kennedy to perform oral sex with him and made repeated references to the two of them going to a secluded place on the Defendants' property and having sexual intercourse.

16. Defendants' Sales Manager, Ronald Heldenbrand, *inter alia*, repeatedly requested sexual favors from Kennedy, intentionally scheduled staffing levels and work areas so that he and Kennedy would be alone together, and on one occasion exposed his genitals to her while making a racial reference regarding her fiancé and the comparative colors of their penises.

17. On or about Saturday, March 20, 2004, Kennedy arrived at work and complained of sexual harassment to Defendants' Make-Ready Manager, Lawrence Davenport.

18. Later that same day, Fredrick Thomas made overt and threatening sexual requests to Kennedy. Fearing for her personal safety, Kennedy left the workplace and phoned Defendants' General Manager, Alfred Flores, to again complain about the sexual harassment she had experienced working for Defendants. During this meeting, Kennedy raised her concerns that she would not be able to return to her position while her harassers continued to work in close proximity to her.

19. Kennedy was subjected to a series of separate, harassing acts which created an intolerably hostile work environment and collectively constituted unlawful employment practices in violation of Title VII.

20. The effect of the practices of which the Commission complains of in the preceding paragraphs has been to deprive Kennedy of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

21. The unlawful employment practices of which the Commission complains of in the preceding paragraphs were committed intentionally.

22. The unlawful employment practices of which the Commission complains of in the preceding paragraphs were committed with malice or reckless indifference to the federally protected rights of Kennedy.

## PRAYER FOR RELIEF

23. Wherefore, the Commission respectfully requests that this Court:

   A. Grant a permanent injunction enjoining Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

   B. Grant a permanent injunction enjoining Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII;

   C. Order Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, to institute and

      carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, to make whole Rachael Kennedy by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including, but not limited to, reinstatement, or, in the alternative, to provide frontpay.

E. Order Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, to make whole Rachael Kennedy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs;

F. Order Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, to make whole Rachael Kennedy by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in the preceding paragraphs, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

G. Order Defendants Spring Automotive Partners I, LTD, d/b/a Munday Mazda, and Austin Chevrolet, Inc., d/b/a Munday Chevrolet, to pay Rachael

Kennedy punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission request a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L St., N.W.
Washington, DC 20507

By _____
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
Houston District Office
1919 Smith St., 7th Floor
Houston, TX 77002-8049
(713) 209-3399
Fax: (713) 209-3402
Email: kathy.boutchee@eeoc.gov

**OF COUNSEL**

By: _/s/ James Sacher_
JAMES SACHER
Regional Attorney
TBN: 17503300
SDN: 13536
Houston District Office
1919 Smith St., 7th Floor
Houston, TX 77002-8049
(713) 209-3398
Fax: (713) 209-3402